## BACKES v. ERICKSON.

1. Where, in an action on a written contract, plaintiff on his direct examination merely identified defendant's signature to the contract, and on redirect examination testified to a part of the provisions of a subsequent oral agreement pleaded in defense, it was not prejudicial error to permit the opposing counsel to examine him fully with reference to the oral agreement.

2. Where a shipment of nursery stock was accepted by the buyer on the express understanding that he was not to pay therefor unless the stock would prove to be as hardy as other varieties then growing on his premises, an action for breach of contract instituted within 10 days after the delivery of the stock was prematurely brought; it being impossible at that time to determine the rights of the parties.

(Opinion filed April 4, 1905.)

Appeal from circuit court, Clay county; Hon. E. G. SMITH, Judge.

Action by H. J. Backes against Martin Erickson. From a judgment for defendant, plaintiff appeals. Affirmed.

*H. G. Tilton* and *M. J. Sweeley,* for appellant.

*John L. Jolley* and *French & Orvis,* for respondent.

FULLER, J.  Answering the complaint in this action to recover $400 on a written contract entered into November 21, 1901, for certain nursery stock, consisting of trees, vines, plants and bushes, to be delivered in the spring of 1902, the defendant stated specific facts entirely sufficient to show that he was induced to enter into such contract by means of plaintiff's false and fraudulent representations, without which the same would never have been executed.  It is further alleged that by reason of such fraud, as well as the unseasonable delivery of the shipment, which arrived at Vermillion in a seriously damaged condition, defendant unqualifiedly refused to accept the same or any part thereof, and ''thereupon plaintiff and defendant entered into a new contract in regard to said trees, by the terms of which contract said plaintiff agreed that if this defendant would accept said trees, and plant them under his direction, and in the manner that he should dictate, and give him (plaintiff) the privilege of photographing said trees when they should have grown, and if the said trees were not as hardy as the Forest Garden and Miner trees that the defendant had been growing on his farm in Clay county, South Dakota, then said trees should not cost this defendant one cent; and plaintiff further agreed that, in case said trees did not grow, he would pay this defendant for his labor in setting out and caring for the same.  That thereupon defendant accepted said proposition, and planted said trees in the manner and as directed by said plaintiff.  That, when defendant came to make a careful examination of said trees, he found a considerable number of the same were already dead, but that he planted all of said trees except those already dead, in the manner and as directed by the plaintiff, a large number of which trees, how-

ever, failed to grow at all, by reason of which defendant is not indebted to the plaintiff in any sum whatever." The jury found specially that the shipment was not accepted under the written contract relied upon by plaintiff, but pursuant to the subsequently executed oral agreement thus pleaded in the answer. There was also a general verdict upon all the issues in favor of the defendant, and this appeal is from a judgment accordingly entered, and from an order overruling a motion for a new trial.

After appellant had merely identified respondent's signature attached to the written contract, and introduced the same in evidence, an attempt was made, over proper objections, and on his cross-examination, to establish the foregoing affirmative defense; but as no question relative to the same was answered until counsel for appellant, upon redirect examination, had called upon the witness to state the conversation between the parties, the error was not prejudicial. Appellant's counsel, having thus called the attention of his client to the time and place of making the purported oral agreement, and elicited a partial statement of what was said and done upon that occasion, is in no position to complain on account of the fact that the court, in its discretion, permitted opposing counsel to examine the witness fully with reference to the transaction. Under the circumstances disclosed by competent testimony offered in respondent's behalf, it was entirely proper for the parties to abandon their written contract, and enter into the subsequent oral agreement pursuant to which the trees and shrubbery were delivered and accepted on or about the 20th day of April, 1902; and the evidence, though conflicting, is sufficient to justify the jury in finding all the issues in favor of respond-

ent. It must therefore be assumed that the shipment was accepted with the express understanding that the respondent was to pay nothing therefor unless such trees, vines, plants, and bushes would prove to be as hardy as other varieties then growing upon the premises; and, in view of the fact that the summons was served within 10 days after the delivery was made, it was impossible to determine the rights of the parties, and the action appears to have been prematurely commenced.

As all questions pertaining to the admission and rejection of evidence were determined in a manner that leaves no just cause for complaint, and no error of law occurred either in refusing offered instructions, or in the court's charge to the jury, the judgment appealed from is affirmed.